```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
                                                                   :
                                                                   :
IN THE MATTER OF THE APPLICATION                                   :    1:24-mc-00152-GHW
FOR AN ORDER SEEKING DISCOVERY                                     :
UNDER 28 U.S.C. § 1782                                             :    UNSEALING ORDER
                                                                   :
                                                                   :
                                                                   :
------------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/2024

GREGORY H. WOODS, United States District Judge:

On March 25, 2024, Judge Sidney H. Stein—acting as the assigned judge for Part I—issued an order allowing Petitioner Carlos Lazo Reyes to file his *ex parte* application for a discovery order pursuant to 28 U.S.C. § 1782 (the "Application") and accompanying case-initiating documents under seal. Dkt No. 3, *In the Matter of the Application for an Order Seeking Discovery Under 28 U.S.C. § 1782* (the "Sealing Case"), Case No. 1:24-mc-00135-SHS (S.D.N.Y. Mar. 25, 2024).

In his Application, Petitioner seeks records of financial transactions purportedly showing that he did not participate in any misappropriation of funds from the company YOX Holding S.A. de C.V. ("YOX"), as part of his defense in various investigations and other legal proceedings in Mexico and INTERPOL. *Sealing Case*, Dkt. No. 1-3 at 2–3. Petitioner's position is that other employees of YOX misappropriated funds from YOX without his knowledge. *Id.* at 5. Petitioner represents that he published a press release in December 2023 "informing the public that YOX's operations had been compromised," filed a criminal complaint seeking an investigation against certain specific YOX employees, and that "many criminal complaints against YOX and [Petitioner] were filed" subsequently in Mexico. *Sealing Case*, Dkt. No. 1-2 at 3–4. As a result, at least one arrest warrant has been issued against Petitioner, and Petitioner's assets have been seized by Mexican authorities. *Id.*

Petitioner's initial request to file the case under seal noted that he

> seeks an order permitting him to file his Application *ex-parte* and under seal because the Application [and related filings] need to remain confidential to: (1) preserve the integrity of [Petitioner's] and the Mexican authorities' ongoing criminal and civil investigations of [the other YOX employees'] fraudulent conduct; (2) prevent the destruction of evidence or other forms of obstruction of justice by [the other YOX employees]; and (3) prevent further fraudulent transfers of assets or funds, which would be highly detrimental to YOX, [Petitioner], and to the victims of the mass fraud.

*Sealing Case*, Dkt. No. 1-1 at 4. In granting Petitioner's request, Judge Stein's March 25 order directed that Petitioner's application and accompanying submissions "remain under seal only until the judge assigned to this matter has been able to review this application . . . ." *Id.*

The Court has reviewed the documents submitted by Petitioner to date. These documents are "judicial documents" because they are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995). The Second Circuit has held that the presumption is for "immediate public access to" such documents, and the presumption "attaches under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 126 (2d Cir. 2006). Judicial "documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Id.* at 124.

Petitioner has not provided the requisite "compelling reason" for keeping these documents sealed. *See City of Harford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991) ("[S]ealing official documents should not be done without a compelling reason . . . ."). As described above, the Application seeks discovery of materials that Petitioner hopes to use for his defense in various criminal investigations and other proceedings in Mexico that arise out of circumstances—the purported misappropriation of funds from YOX—that he himself publicly disclosed in a press release in December 2023. Given the public nature of the allegations and proceedings against Petitioner and other YOX employees, as well as the lack of any specific justification by Petitioner why his Application nonetheless should remain confidential, the Court finds no "compelling reason" to keep the Application and its related

documents sealed.

Accordingly, this matter should be unsealed. Petitioner is directed to file his Application and supporting materials on the public docket within **seven days** of this Order. The Court will consider targeted applications to redact sensitive materials from the Application. Any such request must be made in a manner consistent with the Court's Individual Rules of Practice in Civil Cases.

The Clerk of Court is directed to unseal this case without delay.

SO ORDERED.

Dated: April 16, 2024
      New York, New York

                                        GREGORY H. WOODS
                                      United States District Judge