UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application for an Order Seeking Discovery Under 28 U.S.C. § 1782 | No.: 24-cv-_____ <br><br> ***EX PARTE* AND SEALED APPLICATION FOR DISCOVERY ORDER PURSUANT TO 28 U.S.C. § 1782 IN AID OF FOREIGN PROCEEDING** |

## MEMORANDUM OF LAW IN SUPPORT OF APPLICANT'S MOTION TO FILE ITS APPLICATION FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 *EX PARTE* AND UNDER SEAL

Applicant Carlos Lazo Reyes ("Mr. Lazo"), by and through his undersigned counsel, respectfully moves this Court for an order permitting Mr. Lazo to file his Application to take Discovery Pursuant to 28 U.S.C. § 1782 ("Application") *ex parte* and under seal. In support, Mr. Lazo states as follows:

### BACKGROUND

As set out in Mr. Lazo's accompanying Application, he is the victim of a baseless fraud investigation in Mexico and ancillary INTERPOL proceedings against him in connection with embezzlement that occurred at his company YOX Holding S.A. de C.V. ("YOX"), a sports betting company based in Guadalajara, Mexico. *See generally* Application.

With Mr. Lazo serving as YOX's president, the company operated smoothly and without incident for years. *Id.* at 2, 4. However, in 2023, Mr. Lazo had to step away from the company to receive treatment for testicular cancer in the United States. *Id.* at 2. He entrusted YOX's operations to the company's general administrator Karina Mendoza Antuna ("Mendoza"). *Id.* Unbeknownst to Mr. Lazo, Mendoza and other YOX employees began embezzling customer funds. *Id.* In late

1

2023, when customers began to complain that they were not receiving the proceeds of their bets, Mr. Lazo conducted an initial investigation that uncovered Mendoza's embezzlement scheme. *Id.* at 2–3. He immediately published a press release in December 2023 informing the public that YOX's operations had been compromised. *Id.* at 3. This press release opened the floodgates to a stream of criminal complaints filed by YOX customers across Mexico. *Id.*

Despite Mr. Lazo filing his own criminal complaint seeking an official investigation into Mendoza and the other YOX employees who oversaw company operations at the time the embezzlement occurred, Mexican authorities are now seeking to impute liability to Mr. Lazo for the embezzlement merely by virtue of his position as YOX's president. *Id.* at 4–5. Earlier this year, an arrest warrant was issued against Mr. Lazo and Mexican authorities have gone as far as to confiscate every single asset belonging to Mr. Lazo, his family, and their companies in Mexico without any notice or due process. *Id.* at 5–7. There are now numerous Mexican proceedings and investigations against Mr. Lazo, including at the international level with INTERPOL. *Id.*

Mr. Lazo files his Application to obtain evidence for use in the ongoing litigation and investigations in Mexico and in the INTERPOL proceedings. In particular, Mr. Lazo seeks records of financial transactions that will confirm that he has not misappropriated any customer funds from YOX and that any missing YOX funds were misappropriated by Mendoza or her co-conspirators. *Id.* at 7. This evidence is highly relevant to the numerous investigations and litigations in Mexico and those before INTERPOL, and Mexican courts and all investigative agencies involved will be receptive to same. *See* Decl. of Carlos Lazo Reyes in Support of his 1782 Application ¶¶ 30–39. Mr. Lazo also seeks an order allowing him to file his Application *ex-parte* and under seal to avoid alerting Mendoza and her co-conspirators to his inquiries into their transactions in the United States, which could lead them to dissipate funds or destroy or remove

evidence from this jurisdiction.

## ARGUMENT

"[W]hen a district court . . . considers a request to seal a file or to approve or take other protective measures, it enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Int'l. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). To determine whether to grant a motion to seal, a court must balance the presumption of public access to court filings against various "competing considerations." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Those considerations include the danger of impairing law enforcement or judicial efficiency. *Amodeo*, 71 F.3d at 1050.

Courts routinely grant requests to seal where there is a risk that evidence could be tampered with or moved outside the jurisdiction of the Court. *See, e.g.*, *In re Kolomoisky*, No. M19-116, 2006 WL 2404332, at *4 (S.D.N.Y. Aug. 18, 2006) (granting a motion to file a Section 1782 application, including the exhibits, under seal) (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)); *In re Request from the Czech Republic*, No. 3:08-mc-001-J-33, 2008 WL 179263, at *3 (M.D. Fla. Jan. 17, 2008) (granting a Section 1782 application and expressly preventing subpoena recipients from giving "notice to the target or defendant in the foreign criminal proceedings"); *Dell Inc. v. BelgiumDomains, LLC*, No. 07-CV-22674, 2007 WL 6862341 at *7 (S.D. Fla. Nov. 21, 2007) (granting motion to seal because "[i]f Defendants receive advance word of [the] Motion, they will likely destroy evidence or move it out of the jurisdiction"). This applies equally where, as here, discovery is sought from the Federal Reserve Bank of New York and the Clearing House Payments Company, LLC. *See, e.g.*, *In re Benedek*, Case No. 20-MC-203, ECF No. 1 (S.D.N.Y. 2020 May 4, 2020).

Based on the foregoing, Mr. Lazo seeks an order permitting him to file his Application *ex-parte* and under seal because the Application, his accompanying declaration, and putative subpoenas need to remain confidential to: (1) preserve the integrity of Mr. Lazo's and the Mexican authorities' ongoing criminal and civil investigations of Mendoza's and other YOX employees' fraudulent conduct; (2) prevent the destruction of evidence or other forms of obstruction of justice by Mendoza and her co-conspirators; and (3) prevent further fraudulent transfers of assets or funds, which would be highly detrimental to YOX, Mr. Lazo, and to the victims of the mass fraud. These considerations outweigh any public access concerns and warrant the Application being sealed.

## CONCLUSION

Based on the foregoing, Mr. Lazo respectfully requests that this Court grant his Motion to File its Section 1782 Application *ex-parte* and under seal.

Dated: March 20, 2024

Respectfully submitted,

By: /s/ Daniel Pulecio-Boek

**GREENBERG TRAURIG, LLP**
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 331-3100
Facsimile: (202) 331-3101
DANIEL PULECIO-BOEK
E-mail: pulecioboekd@gtlaw.com